### MARVIN HANDY vs. JOHN A. EMPIE.

Where an individual takes a bond and mortgage to secure a debt, and subsequently wishes to raise a part of the amount, and instead of selling the bond and mortgage, applies to the individual who executed them, and gets his promissory note for just the amount wanted, which note is discounted by a third person for more than 7 per cent per annum, *held* no usury.

*Motion by defendant to set aside judgment and execution on the ground of usury.*—Defendant's facts : Previous to March, 1839, one Demmon Lowell states he took a bond and mortgage of $1,380 from Adam Empie, to secure part of the purchase money of a farm sold by said Lowell to said A. Empie; an installment became due on said bond and mortgage in the spring of 1839, which said Adam Empie was unable to pay, and Lowell applied to plaintiff to buy the bond and mortgage; plaintiff de-

clined, but proposed to said Lowell if he would get Adam Empie's note for $500, and would make a discount of $25 on it, he would let said Lowell have the money. Lowell stated the proposition to Empie, to which he agreed; and said Lowell again saw plaintiff and informed him that A. Empie had agreed to it; the plaintiff thereupon drew a note [47 for $500, for said A. Empie to sign, payable to said plaintiff or bearer with interest, payable a short time after date. Lowell took the note to Empie, which was signed by him, and he thinks by Levi Empie as surety; about 3d April, 1839, Lowell presented the note to plaintiff, who refused to cash it unless he deducted $28, to which Lowell consented and received from plaintiff $472 for the note: Adam Empie states, that on the 5th May, 1841, the interest on this note was paid to plaintiff, and a new note of $550 given, including the principal of this note of $500 and $50 due on another note to plaintiff, which $550 note was signed by Levi, David, John A., and Jacob Empie, payable to Plaintiff or bearer, and the old notes given up to Levi Empie and destroyed. On or about 27th January, 1843, John A. Empie gave Plaintiff a bond and warrant of attorney to secure the $550 note and interest, and judgment was thereupon entered up, which is the judgment sought to be set aside on this motion. Plaintiff's facts : Plaintiff states that Lowell offered to sell him a bond and mortgage of Adam Empie, in the spring of 1839, which he declined to buy, but remarked if he had a note he might buy it. Sometime after this conversation, and about the last of March, 1839, Lowell again called and offered to sell a note he had against Adam Empie and his son Levi Empie for the amount of $500. Plaintiff told him he was not in a condition then to buy, but did not know but he might raise it. Lowell urged plaintiff to buy the note as he wanted the money very much to pay on his land ; nothing was said about a discount at that time by either ; it was agreed to settle the matter on the 5th April following; they met on that day, and had for the first time conversation about the terms of the purchase, and they agreed on a discount at that time of $23, and plaintiff paid said Lowell $477 for the note ; the note was executed by Adam Empie and Levi Empie makers, and drawn payable to said Lowell or. bearer, and not to plaintiff or bearer. Plaintiff denies saying to Lowell that if he would procure the note of said Adam Empie for $500, and would give him a discount of $25, that plaintiff would let him have the money. Plaintiff states that he did not write said note for Adam Empie to sign, nor direct or advise said Lowell to procure said note, but said note was taken by said Lowell on his own account, as plaintiff was informed by said Lowell and believes, toward the payment of lands

sold by said Lowell to said Adam Empie. Plaintiff has the affidavits of four different individuals stating that Lowell's character for truth and veracity is bad. The notes were exchanged with plaintiff and judgment taken against John A. Empie, as before stated.

S. P. NASH, *Defts Counsel.*                     P. RANDALL, *Defts Atty.*
C. STEVENS, *Plffs Counsel.*                     D. LAWYER, *Plffs Atty.*

48]    *Per Curiam.*—The allegation of usury all rests on the affidavit of Demmon Lowell. He *is* impeached. But if we give full credit to his testimony, it does not show any usury in the $500 note, which went into the judgment. Adam Empie was indebted to Lowell in nearly $1,400, secured by bond and mortgage. Lowell proposed to sell the mortgage to the plaintiff, but he declined purchasing it. Lowell then got a note from Empie with his sons as sureties for $500, and sold it to the plaintiff for $472. There is nothing to show that this was not a valid note in the hands of Lowell. It was given for so much of the debt due to him from Empie, and when Empie pays the note, he will have paid the whole $500 towards the mortgage debt to Lowell.

*Decision.*—Motion denied, with costs.